**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS E. PEREZ, SECRETARY OF LABOR, and UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 3:16-cv-1476-M

<u>**DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE CASES**</u>

Pursuant to Fed. R. Civ. P. 42 and Local Rule 42.1, Thomas Perez, Secretary of the

United States Department of Labor and the United States Department of Labor (collectively, "the

Department"), bring this unopposed motion to consolidate the following three actions: *Chamber*

*of Commerce of the United States of America v. Perez*, No. 3:16-cv-01476-M ("*Chamber*"), filed

June 1, 2016; *American Council of Life Insurers v. U.S. Dep't of Labor*, No. 3:16-cv-01530-C

("*ACLI*"), filed June 8, 2016; and *Indexed Annuity Leadership Council v. Perez*, No. 3:16-cv-

1537-N ("*IALC*"), filed June 8, 2016.  For the reasons set forth below, consolidation of all three

actions into first-filed Civ. No. 3:16-cv-01476-M is appropriate because (1) all three actions

challenge the same agency rulemaking and present substantially the same legal issues, and (2)

consolidation will promote the just and efficient conduct of the litigation avoiding duplicative

proceedings in this District.  The instant motion is filed in this Court because the "Fifth Circuit

adheres to the general rule that the court in which an action is first filed is the appropriate court

to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

## BACKGROUND

In April 2016, after more than five years and two rounds of extensive public comments, the Department issued the Conflict of Interest Rule ("the Rule"), which seeks to mitigate conflicts of interest in the rendering of investment advice regarding employee benefit plans and individual retirement accounts ("IRAs"). *See* 81 Fed. Reg. 20946 (Apr. 8, 2016). Pursuant to the Department's authority to issue regulations under the Employee Retirement Income Security Act ("ERISA") and related portions of the Internal Revenue Code, *see* 29 U.S.C. § 1002(21); 26 U.S.C. § 4975(e), the Rule defines who is a fiduciary of a plan or IRA on the basis of rendering investment advice for a fee. Simultaneously, the Department also issued or revised a number of exemptions to allow certain transactions which would otherwise be prohibited by the Rule. Plaintiffs filed suits on June 1 and 8, 2016, seeking for the Rule and exemptions to be vacated and enjoined under the Administrative Procedure Act ("APA") and the First Amendment. Plaintiffs acknowledged the substantial overlap among the cases, notifying the Court that the June 8, 2016 actions were related to the *Chamber* action. *See* Notice of Related Case, *ACLI*, No. 3:16-cv-1530-C, ECF No. 10 (June 8, 2016); Notice of Related Case, *IALC*, No. 3:16-cv-1537-N, ECF No. 7 (June 8, 2016).[1] In telephonic conferences on June 14 and 15, 2016, counsel for the three sets of plaintiffs stated that they support coordination or consolidation, provided that the separate identity of the actions is preserved to allow separate briefs, oral argument, and other

---

[1] The notices also directed the Court to related cases in federal district courts in Kansas and the District of Columbia: *Nat'l Ass'n for Fixed Annuities v. Perez*, No. 1:16-cv-1035 (D.D.C. June 2, 2016); *Market Synergy, Inc. v. Perez*, No. 5:16-cv-04083 (D. Kan. June 8, 2016). The parties do not seek to consolidate these out-of-district cases.

litigation activities.  Plaintiffs' counsel do not agree with certain of Defendants' characterizations of Plaintiffs' claims and the Department's rulemaking and take no position on the judge to whom the cases should be assigned.[2]

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."[3]  "A district court has broad discretion to decide whether consolidation is desirable." *Pearson v. U.S. Dep't of Homeland Security*, No. 3:08-1885, 2009 WL 1474837, at *2 (N.D. Tex. May 8, 2009); *see also In Re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (describing Rule 42(a) as "broad grant of authority" that "has been applied liberally").  "[T]he purpose of consolidation is to avoid unnecessary cost and delay." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *see also Mayfield v. Am. Auto. Ins. Co.*, Nos. 502CV256, 502CV137, 2003 WL 21250935, at *1-2 (N.D. Tex. May 27, 2003) ("promot[ing] judicial efficiency and economy").  In this Circuit, the "first-to-file rule" both "determines which court may decide the merits of substantially similar issues," and provides that consolidation is decided by the judge presiding over the first-filed action. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999); *Save Power Ltd.*, 121 F.3d at 950;

---

[2]   The parties also reached agreement on a briefing schedule for summary judgment if the cases are consolidated (to be addressed in more detail by joint motion along with other scheduling issues after a consolidation decision):  plaintiffs' summary judgment motions would be due July 18, 2016; defendants' combined opposition and cross-motion would be due August 19, 2016; plaintiffs' replies and oppositions to the cross-motion would be due September 16, 2016; defendant's cross-reply would be due October 7, 2016; and oral argument is proposed to be held in mid- to late-October, or at the Court's earliest convenience thereafter.

[3]   Local Rule 42.1 provides that "[m]otions to consolidate civil actions, and all briefs and other papers concerning consolidation, must be served on an attorney for each party in each case sought to be consolidated.  After consolidation, all pleadings, motions, or other papers must only bear the caption of the first case filed."

*DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, Nos. 4:11–CV–1355, 4:13–CV–197, 2013 WL 3229686 (S.D. Tex. June 24, 2013).

The Court of Appeals has urged "district judges . . . to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster*, 549 F. 2d at 1013. The "first-to-file rule" is grounded in the same considerations—"to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd.*, 121 F.3d at 950 (applying rule to "related cases pending before two judges in the same district"). One court in this district compiled a "list of factors militating in favor of consolidation":

1. the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district;
2. the cases involve a common party;
3. the cases involve common issues of law;
4. the cases involve common issues of fact;
5. there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;
6. consolidation will not result in an unfair advantage;
7. consolidation will conserve judicial resources;
8. consolidation will reduce the time for resolving the cases when compared to separate trials; and
9. consolidation will reduce the expense of trying the cases separately.

*Mayfield*, 2003 WL 21250935, at *1-2.

The three actions at issue here meet all of the factors set out in *Mayfield*. All cases are pending in the same judicial district against the Department of Labor, challenging the same final rulemaking. The issues of law and fact are almost entirely common; all three complaints allege substantially the same violations of the APA and First Amendment, including that 1) the Rule impermissibly broadens the definition of fiduciary investment advice under ERISA and the

Internal Revenue Code, 2) the new Best Interest Contract ("BIC") Exemption is arbitrary and

capricious, 3) the Department failed to provide sufficient notice and comment for certain items,

and 4) the Rule and exemptions unconstitutionally burden commercial speech in violation of the

First Amendment.  *Compare* Compl., *Chamber*, No. 3:16-cv-01476-G (N.D. Tex. June 1, 2016),

ECF No. 1; *with* Compl., *ACLI*, No. 3:16-cv-01530-C (N.D. Tex. June 8, 2016), ECF No. 1;

Compl., *IALC*, No. 3:16-cv-1537-N (N.D. Tex. June 8, 2016), ECF No. 1.  Consolidation of

these three actions before a single judge will avoid duplicative review of these legal questions

and therefore conserve judicial resources.  *See James v. Nocona Gen. Hosp.*, Nos. 7:03-CV-005-

R, 7:07-CV-048-R, 2007 WL 1053122, at *5 (N.D. Tex. Apr. 4, 2007) (consolidating cases

against same defendant because the "lawsuits have essentially the same issues of fact and law");

*Alkow v. TXU Corp.*, Nos. 3:02-2738, 3:02-2739, 2003 WL 21056750, at *2 (N.D. Tex. May 8,

2003) (consolidating cases where "the factual allegations and legal theories . . . are substantively

identical").  Moreover, the fact that the actions will be resolved on the basis of the same

voluminous administrative record—which likely will be in the thousands, if not hundreds of

thousands, of pages—weighs strongly in favor of consolidation. *Cf. Nat'l Ass'n of Mortg.*

*Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011)

(granting motion to consolidate on the ground that "[b]oth actions will be based upon the same

administrative record and much of the same law"); *County of St. Louis v. Thomas*, 162 F.R.D.

583, 584 n.1 (D. Minn. 1995) ("We are unable to discern any purpose in requiring two different

District Courts to review the same Administrative Record in order to consider competing facets

of the same central issue.").

     Consolidation will also avoid the risk of conflicting results in the three actions filed in

this District.  *See In re Air Crash Disaster*, 549 F. 2d at 1013 ("eliminate unnecessary . . .

confusion"); *Mayfield*, 2003 WL 21250935, at *1-2 ("the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately").  There is no reason here to risk inconsistent rulings on separate motions by three different judges in this District.

The differences among these actions are peripheral and do not undermine the strong justifications for consolidation.  The primary difference is that the *Chamber* action, but not the other two suits, 1) challenges the Principal Transactions Exemption on grounds similar to the challenges to the BIC Exemption and 2) raises a claim under the Federal Arbitration Act regarding a clause in both exemptions prohibiting class action waivers.  *See* Compl. ¶¶ 166-169, 178-180, *Chamber*, No. 3:16-cv-01476-G (N.D. Tex. June 1, 2016).  Such limited distinctions do not undercut the strong justifications for consolidation.  *See* Wright & Miller, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998) ("[T]he existence of a common question by itself is enough to permit consolidation[.]").

Moreover, consolidation of these actions will not impede the ability of any plaintiff to pursue distinct claims.  *See Frazier*, 980 F.2d at 1532 ("[A]ctions maintain their separate identity even if consolidated.");  *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two."); *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) ("The parties are fully able to brief—and the court is capable of rendering a well-reasoned judgment on—multiple issues within the context of one unified civil action.").  The parties propose that consistent with *Frazier*, after consolidation, each set of plaintiffs be permitted to file separate briefs, make separate oral arguments, and independently make other litigation decisions.

Finally, as indicated by plaintiffs' support for consolidation or coordination, consolidation of these actions will not prejudice any of the plaintiffs or provide unfair advantage

to any party.  *Cf. Mayfield*, 2003 WL 21250935, at *1-2 (consolidation appropriate where "there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications").  To the contrary, all parties will benefit from a coordinated briefing schedule and resolution of these overlapping cases by a single Court decision.  These cases were filed within one week of each other and are at the earliest stage of litigation—no plaintiff has yet filed a substantive motion, and defendants have not yet responded to the complaints.  Accordingly, consolidation will result in the efficient resolution of these cases.

## CONCLUSION

For the reasons set forth above, the Court should grant defendants' unopposed motion and consolidate *Chamber of Commerce of the United States of America v. Perez*, No. 3:16-cv-01476-M; *American Council of Life Insurers v. U.S. Dep't of Labor*, No. 3:16-cv-01530-C; and *Indexed Annuity Leadership Council v. Perez*, No. 3:16-cv-1537-N.  Defendants will file a notice of this motion on the dockets of the later-filed cases.

Dated: June 17, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. PARKER
United States Attorney

JUDRY L. SUBAR
Assistant Director

/s/ Galen N. Thorp
GALEN N. THORP (VA Bar No. 75517)
EMILY S. NEWTON (VA Bar No. 80745)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 514-4781; Fax: (202) 616-8460
galen.thorp@usdoj.gov
emily.s.newton@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

On June 14, 15, and 16, 2016, undersigned counsel for Defendants conferred by telephone with Jason Mendro, counsel for plaintiffs in the *Chamber* action, Kelly Dunbar, counsel for plaintiffs in the *ACLI* action, and Joseph Guerra, counsel for plaintiffs in the *IALC* action, who jointly advised by email on June 17, 2016, that plaintiffs in the three cases do not oppose this motion, provided that the separate identity of the actions is preserved to allow separate briefs, oral argument, and other litigation activities. Plaintiffs' counsel also indicated that they take no position on the judge to whom the cases should be assigned.

/s/ Galen N. Thorp
GALEN N. THORP

<u>CERTIFICATE OF SERVICE</u>

On June 17, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties to the three actions—Case Nos. 3:16-cv-01476-M, 3:16-cv-01530-C, 3:16-cv-1537-N—electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Galen N. Thorp____
GALEN N. THORP