**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, FINANCIAL SERVICES INSTITUTE, INC., FINANCIAL SERVICES ROUNDTABLE, GREATER IRVING-LAS COLINAS CHAMBER OF COMMERCE, HUMBLE AREA CHAMBER OF COMMERCE DBA LAKE HOUSTON AREA CHAMBER OF COMMERCE, INSURED RETIREMENT INSTITUTE, LUBBOCK CHAMBER OF COMMERCE, SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, and TEXAS ASSOCIATION OF BUSINESS,<br><br>              Plaintiffs,<br><br>       v.<br><br>THOMAS E. PEREZ, SECRETARY OF LABOR, and UNITED STATES DEPARTMENT OF LABOR,<br><br>              Defendants. | Civil Action No. 3:16-cv-1476-M |

**STATEMENT IN RESPONSE TO
DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE CASES**

Plaintiffs do not oppose defendants' request to consolidate this case with two related cases pending in this district, subject to the parties' agreement that these three cases will retain their separate identities, allowing each set of plaintiffs to file separate briefs, make separate oral arguments, and independently make other litigation decisions.  *See* Dkt. 37.  While the parties will soon submit a joint proposed schedule for prompt summary-judgment briefing and oral

argument following consolidation, *see id.* at 3 n. 2, plaintiffs write separately to emphasize the importance that the cases move expeditiously to resolution.[*]

These cases concern a set of regulations recently adopted by the U.S. Department of Labor (the "Department") that would make extensive changes to requirements and practices in the retirement savings marketplace. Affected entities must comply with the Department's new "Fiduciary Rule" and a large portion of related prohibited transaction exemptions by April 10, 2017, and the remainder by January 1, 2018. *See* Definition of the Term "Fiduciary"; Conflict of Interest Rule—Retirement Investment Advice, 81 Fed. Reg. 20,946/1, 21,084/2, 21,138/2 (Apr. 8, 2016). Achieving compliance with these deadlines requires affected entities to institute changes now in their systems, practices, and products.

Even under the Department's own accounting of the costs of the Rule (which plaintiffs contend is flawed), those changes will be extensive and cost billions of dollars. *See* 81 Fed. Reg. at 20,953, Table 1; Regulating Advice Markets, Definition of the Term "Fiduciary" Conflicts of Interest – Retirement Investment Advice, Regulatory Impact Analysis for Final Rule and Exemptions, Dep't of Labor, 10 (April 2016) ("Regulatory Impact Analysis"). As just one example, the Department has stated that affected entities—which include many of plaintiffs' members—must develop "comprehensive compliance and supervisory system[s]," revise "policies and procedures and training programs," account for "insurance increases," and prepare the disclosures required by the rulemaking and establish mechanisms for distributing those disclosures, among other things. 81 Fed. Reg. at 20,953, Table 1.

---

[*] Under the proposed schedule that the parties agreed to in conjunction with their agreement regarding consolidation, briefing would be completed on October 7, 2016 and oral argument is requested in mid- to late-October, or at the Court's earliest convenience thereafter.

Another example of the burdens and costs being incurred now concerns the "independent marking organizations" ("IMOs") that distribute fixed-indexed annuities.  IMOs do not satisfy the Best Interest Contract exemption's definition of "Financial Institution," which leaves insurance-only licensed agents who are part of an IMO no viable means of complying with the Rule.  *See* Dkt. 1 ¶ 128.  As a result, some of these insurance agents will be pressured to exit the fixed-indexed annuity market, which would disrupt the distribution of fixed-indexed annuities and have adverse effects on the costs and availability of those products for consumers.

The Department itself estimated that the start-up cost of compliance for affected industries will be $5 billion.  Regulatory Impact Analysis at 10.  The Department further acknowledged that "[c]osts are substantially higher in the first year as firms first implement changes."  *Id.* at 206.

Expeditious resolution of these cases on summary judgment would—if plaintiffs' summary judgment motion is granted—substantially avert these and other burdens on and costs to plaintiffs' members and American consumers.  Plaintiffs respectfully request that the Court consider these factors as it addresses defendants' motion to consolidate and the parties' forthcoming joint motion regarding the case schedule.

Respectfully submitted,

Dated:  June 20, 2016

s/ Eugene Scalia

James C. Ho, Texas Bar No. 24052766
Russell H. Falconer, Texas Bar No. 24069695
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Suite 110
Dallas, TX  75291
Telephone:  (214) 698-3264
Facsimile:  (214) 571-2917
jho@gibsondunn.com
rfalconer@gibsondunn.com

Eugene Scalia*
Jason J. Mendro*
Paul Blankenstein*
Rachel E. Mondl*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
escalia@gibsondunn.com
jmendro@gibsondunn.com
pblankenstein@gibsondunn.com
rmondl@gibsondunn.com

*Counsel for Plaintiffs Chamber of Commerce
of the United States of America, Financial
Services Institute, Inc., Financial Services
Roundtable, Greater Irving-Las Colinas
Chamber of Commerce, Humble Area Chamber
of Commerce DBA Lake Houston Area
Chamber of Commerce, Insured Retirement
Institute, Lubbock Chamber of Commerce,
Securities Industry and Financial Markets
Association, and Texas Association of Business*

*Admitted *pro hac vice*

(*continued on next page*)

4

Steven P. Lehotsky*
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
Telephone: (202) 463-5337
Facsimile: (202) 463-5346
slehotsky@uschamber.com

*Counsel for Plaintiff Chamber of Commerce
of the United States of America*

J. Lee Covington II**
INSURED RETIREMENT INSTITUTE
1100 Vermont Avenue, N.W.
Washington, DC 20005
Telephone: (202) 469-3000
Facsimile: (202) 469-3030
lcovington@irionline.org

*Counsel for Plaintiff Insured Retirement
Institute*

David T. Bellaire*
Robin Traxler**
FINANCIAL SERVICES INSTITUTE, INC.
607 14th Street, N.W.
Suite 750
Washington, DC 20005
Telephone: (888) 373-1840
Facsimile: (770) 980-8481
david.bellaire@financialservices.org
robin.traxler@financialservices.org

*Counsel for Plaintiff Financial Services
Institute, Inc.*

Kevin Carroll*
Ira D. Hammerman**
SECURITIES INDUSTRY AND FINANCIAL
MARKETS ASSOCIATION
1101 New York Avenue, N.W.
8th Floor
Washington, DC 20005
Telephone: (202) 962-7300
Facsimile: (202) 962-7305
kcarroll@sifma.org
ihammerman@sifma.org

*Counsel for Plaintiff Securities Industry and
Financial Markets Association*

Kevin Richard Foster*
Felicia Smith*
FINANCIAL SERVICES ROUNDTABLE
600 13th Street, N.W.
Suite 400
Washington, DC 20005
Telephone: (202) 289-4322
Facsimile: (202) 589-2526
richard.foster@FSRoundtable.org
felicia.smith@FSRoundtable.org

*Counsel for Plaintiff Financial Services Roundtable*

*Admitted *pro hac vice*

***Pro hac vice* application submitted