# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, and UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendants. | Civil Action No. 3:16-cv-1476-M <br> Consolidated with: <br>    3:16-cv-1530-C <br>    3:16-cv-1537-N |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' JANUARY 18, 2017 NOTICE

Plaintiffs' response to Defendants' January 18, 2017 notice mischaracterizes the Department of Labor's ("DOL") rulemaking and guidance.  First, as DOL has explained, the independent distribution channel for annuities already has several ways to comply with the rulemaking.  *See* Defs.' Br. at 85-86 (ECF No. 72-1); Conflict of Interest FAQs (Part I – Exemptions) Q22-23 ([link](#)).  Thus DOL's proposal to address the independent marketing organization applications that DOL itself invited, AR123, through a supplemental class exemption with a generous transition period, *see* Defs.' Notice at 1 (ECF No. 129), merely provides additional options for compliance.  It does not render the existing options inadequate.

Second, the portions of DOL's guidance cited by Plaintiffs do not show that the rulemaking "transforms virtually all sales activity into fiduciary advice."  Pls.' Resp. at 2 (ECF No. 130).  The term "suggestion" is familiar to the financial industry; it is "used in FINRA guidance and securities laws and related regulations to define and establish standards related to investment recommendations."  AR27, AR21; FAQs on Your Rights and Financial Advisers, Q13 ([link](#)).  And even where this reasonable person test for a "recommendation" is met, AR26-27, the fiduciary standard is triggered only if three other conditions are also met: (1) the recommendation concerns investment property of a plan or IRA, (2) it results in compensation, and (3) the advice is directed to specific advice recipients (or meets another prong of 29 C.F.R. 2510.3-21(a)(2)).  *See* AR52.

Nor does an FAQ addressing non-fiduciary "general communications" support Plaintiffs.  *See* Conflict of Interest FAQs (Part II - Rule), Q17 ([link](#)).  Q17 concludes that a "free-meal seminar" offered by an investment adviser as a means of marketing services or investments to a group of retirees does not qualify as a type of "general communication."  *Id.*; *see also* AR34.  Such seminars can involve aggressive sales tactics and recommendations sufficiently directed to specific advice recipients to appropriately be considered investment advice.  AR425, AR463 (discussing FINRA and SEC reports regarding these seminars).  Even if the context makes a statement at the seminar a "recommendation," fiduciary obligations attach only if the other conditions are also met.

| | |
|---|---|
| Dated: January 30, 2017 | Respectfully submitted, |
| | |
| | JOYCE R. BRANDA |
| Of Counsel: | Acting Assistant Attorney General |
| | |
| KATHERINE E. BISSELL | JOHN R. PARKER |
| Deputy Solicitor for Regional Enforcement | United States Attorney |
| | |
| G. WILLIAM SCOTT | JUDRY L. SUBAR |
| Associate Solicitor | Assistant Director |
| | Civil Division, Federal Programs Branch |
| EDWARD D. SIEGER | |
| Senior Attorney | */s/ Galen N. Thorp* |
| | GALEN N. THORP (VA Bar # 75517) |
| THOMAS TSO | EMILY NEWTON (VA Bar #  80745) |
| Counsel for Appellate and Special | Trial Attorneys |
| Litigation | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| MEGAN HANSEN | 20 Massachusetts Ave. NW, Room 6140 |
| Attorney for Regulations | Washington, D.C. 20530 |
| United States Department of Labor | Tel: (202) 514-4781 / Fax: (202) 616-8460 |
| Office of the Solicitor | galen.thorp@usdoj.gov |
| | emily.s.newton@usdoj.gov |
| | |
| | *Counsel for Defendants* |